UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21631-MC-COOKE

In re Emergency *Ex Parte* Application of
DAVID A. GODFREY AND YUKOS
FINANCE B.V. for an order to conduct
discovery for use in a foreign proceeding.
_____/

# [PROPOSED] ORDER GRANTING DAVID A. GODFREY'S AND YUKOS FINANCE B.V.'S EMERGENCY *EX PARTE* APPLICATION TO CONDUCT DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

The Application for an *ex parte* Order pursuant to 28 U.S.C. § 1782 ("Section 1782") to conduct discovery in aid of a foreign proceeding (the "Application") was heard. By their Application, David A. Godfrey and Yukos Finance B.V. ("Yukos Finance") (together, the "Petitioners") seek discovery from respondent Stephen P. Lynch ("Respondent") in aid of a foreign proceeding pursuant to Section 1782 and Rule 45 of the Federal Rules of Civil Procedure. Having reviewed the Application, the Declaration of Robert F. Serio, dated May 1, 2017 ("Serio Declaration"), and the Declaration of Bernard O'Sullivan, dated April 28, 2017, and all exhibits affixed thereto, the Court rules as follows:

The Application is GRANTED. IT IS HEREBY ORDERED, pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1782, (i) Petitioners shall serve Stephen P. Lynch with a subpoena substantially in the form of the subpoena *duces tecum* annexed to the Serio Declaration as Exhibit 2; (ii) Stephen P. Lynch shall produce responsive documents to such subpoena *duces tecum* on May 17, 2017; (iii) Petitioners shall serve Stephen P. Lynch with a subpoena substantially in the form of the subpoena *ad testificandum* annexed to the Serio Declaration as Exhibit 1; (iv) Stephen P. Lynch shall appear for deposition on May 17, 2017; and (v) for such other relief as the Court deems proper and just.

In so ruling, the Court finds that the jurisdictional requirements of Section 1782 are met. First, Respondent resides or may be found in the Southern District of Florida. Second, the discovery sought is for use in proceedings currently pending before a foreign tribunal, the High Court of Justice, Queen's Bench Division, Commercial Court, in London, England (the "English

Proceedings"). Third, as litigants in the English Proceedings, Petitioners are "interested person[s]" within the meaning of Section 1782.

The Court further finds that the discretionary factors established by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), weigh in favor of granting the Application. Those factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request conceals an attempt to circumvent foreign law, policy, or proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. *Id.*

The Court finds that the first *Intel* factor weighs in favor of Petitioners because Respondent has actively avoided participation in English Proceedings and the English court may not be able to compel Respondent to provide the discovery that Petitioners seek. Second, the Court finds that the English court likely would accept the discovery sought here because English courts typically accept evidence obtained through Section 1782, particularly deposition and documentary evidence relevant to liability. Third, the Court finds that, based on the evidence submitted, the Application is a good-faith effort to obtain probative evidence and does not conceal an attempt to circumvent English proof-gathering restrictions, law, or policy. *See Intel*, 542 U.S. at 261; *In re Pimenta*, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013). Finally, the Court finds that the discovery sought is not unduly burdensome or unnecessarily intrusive, the discovery request goes to central issues in the English Proceedings, and the discovery would be permitted under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**

Dated: May ___, 2017

_____
United States District Judge