UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

In re Emergency *Ex Parte* Application of
DAVID A. GODFREY AND YUKOS
FINANCE B.V. for an order to conduct
discovery for use in a foreign proceeding,

Petitioners.

Case No. 17-21631

MC
CIV-COOKE

**DECLARATION OF BERNARD O'SULLIVAN IN SUPPORT OF DAVID A. GODFREY
AND YUKOS FINANCE B.V.'S EMERGENCY *EX PARTE* APPLICATION FOR
DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

I, Bernard O'Sullivan, declare under penalty of perjury as follows:

1. I am a Partner in the firm of Olswang LLP, practising from the address 90 High Holborn, London WC1V 6XX. My firm is about to merge with two other law firms such that from May 1, 2017 I will be practicing as a partner in CMS Cameron McKenna Nabarro Olswang LLP. I am a solicitor of England and Wales and have been practicing as a solicitor in London since I qualified in 1992. I am counsel to the Claimants in litigation that is currently pending in England under Claim No. CL – 2015 – 000829 (the "English Proceedings").

2. I submit this declaration in support of an Application for an Order Seeking Discovery Pursuant to 28 U.S.C. § 1782 (the "Application") filed by David A. Godfrey and Yukos Finance B.V. ("Yukos Finance") (collectively, the "Petitioners").

### THE ENGLISH PROCEEDINGS

3. Yukos Finance, Yukos International UK B.V., Stichting Administratiekantoor Yukos International, Yukos Capital SARL Financial Performance Holdings B.V., Yukos Hydrocarbons Investments Limited, and David A. Godfrey (together, "Claimants") are

companies and an individual who have incurred costs and expenses in connection with investigations and legal proceedings, primarily in the Netherlands, as a result of wrongdoing by Stephen Lynch, Stephen Jennings, Robert Reid, Richard Deitz and Robert Foresman (together, "Defendants"). Defendants are individuals associated, either directly or indirectly through investment, with the Russian company OOO Promneftstroy ("Promneftstroy").

4. In summary, Claimants allege that Defendants caused them harm by wrongfully causing or facilitating the participation of Promneftstroy in the auction of shares in Yukos Finance on August 15, 2007, knowing and intending that it had been pre-determined that such auction would purportedly be won by Promneftstroy at a pre-agreed price. Claimants allege that they have incurred costs and expenses (i) investigating the circumstances surrounding the auction and (ii) protecting their rights, including by bringing and defending legal proceedings relating to the ownership and control of Yukos Finance and related companies in the Netherlands.

5. The English Proceedings were commenced by way of Claim Form issued on November 23, 2015 under Claim No. CL – 2015 – 000829. Defendants Stephen Jennings, Robert Reid, and Richard Deitz were served in January 2016. Particulars of Claim were subsequently filed on February 24, 2016. Permission was granted by Order of Mr. Justice Phillips dated March 23, 2016 for Claimants to serve on Defendant Lynch the Claim Form, Particulars of Claim and any other document in the proceedings out of the jurisdiction in the United States of America and Russia. An extension was granted to the Order of Mr. Justice Phillips on May 24, 2016, permitting service on Defendant Lynch out of the jurisdiction in the United States and Russia until May 22, 2017.

6. Defences were filed and served by Defendant Richard Deitz on May 6, 2016, and by Defendants Stephen Jennings and Robert Reid on May 9, 2016. Claimants' Replies to the Defences of Defendants Jennings, Reid, and Deitz were served on July 14, 2016.

7. Permission was granted by Order of Mr. Justice Blair dated November 1, 2016 for Claimants to: (i) amend the Claim Form and the Particulars of Claim; (ii) add Mr. Robert Foresman to the proceedings; and (iii) to serve the Amended Claim Form and Amended Particulars of Claim and any other documents in the proceedings on Mr. Foresman out of the jurisdiction.

8. Amended Particulars of Claim were filed on November 15, 2016. Amended Defences were filed and served by Defendants Jennings, Reid, and Deitz on January 3, 2017. Claimants' Amended Replies to the Amended Defences of Defendants Jennings, Reid, and Deitz were served on April 10, 2017.

9. On November 28, 2016, Defendant Foresman was served with the Amended Claim Form and Amended Particulars of Claim out of the jurisdiction in the United States. Pursuant to the Order of Mr. Justice Popplewell dated January 16, 2017, Mr. Foresman's Defence to the Amended Particulars of Claim was served on February 28, 2017. Claimants' reply to Mr. Foresman was served on April 27, 2017.

10. On January 1, 2017, Defendant Lynch was provided with the Amended Claim Form and Amended Particulars of Claim out of the jurisdiction in Lebanon. Claimants filed an application for, amongst other things: (i) retrospective permission to serve the Amended Claim Form, Amended Particulars of Claim and any other document in these proceedings on Defendant Lynch out of the jurisdiction; and (ii) an order that personal delivery of the relevant documents to Defendant Lynch on January 1, 2017 in Lebanon was good service. This Order was granted by the Court against Defendant Lynch on March 24, 2017.

3

Defendant Lynch filed an acknowledgment of service on April 18, 2017 in which he indicated that he would be representing himself and that he intended to contest jurisdiction. Defendant Lynch has not yet filed any pleading.

11. A Case Management Conference is likely to be scheduled in July 2017 or, failing that, October 2017.

## THE RELEVANCE OF THE DISCOVERY SOUGHT FROM MR. LYNCH TO THE ENGLISH PROCEEDINGS

12. The Claimants in the English Proceedings claim from the individual Defendants the costs and expenses of the legal proceedings in the Netherlands relating to the ownership and control of Yukos Finance and related companies as a consequence of the pre-determination of the auction of the shares in Yukos Finance, the purported transfer to Promneftstroy of Yukos Oil's shareholding in Yukos Finance and the purported exercise by or on behalf of Promneftstroy of Yukos Finance's rights. Claimants allege that Defendants caused them harm by wrongfully causing or facilitating the participation of Promneftstroy in the auction of shares in Yukos Finance, knowing and intending that it had been predetermined that such auction would purportedly be won by Promneftstroy at a pre-agreed price

13. Claimants believe that Defendant Lynch has personal knowledge and documents relevant to these proceedings, including the argument that Defendants knew and intended that the auction of Yukos Finance was predetermined to be won by Promneftstroy at a pre-agreed price.

14. Defendants Jennings, Reid, Deitz, and Foresman have each pleaded Defences that do not admit that the auction of Yukos Finance was predetermined and deny that they had knowledge of any agreement regarding the outcome of the auction. Claimants believe that Defendant Lynch has personal knowledge that is relevant to rebut these pleadings.

15. Claimants seek to obtain testimony and document discovery from Defendant Lynch concerning his actions related to Promneftstroy, including in his capacity as director of Promneftstroy, his participation in and knowledge (and the participation in and knowledge of the other Defendants) relating to the auction of Yukos Finance, the financing of Promneftstroy's bid for Yukos Finance shares, the management of Promneftstroy through shell companies, and due diligence performed in connection with the Yukos Finance auction, in order to further demonstrate that the auction of Yukos Finance was rigged in a corrupt auction process in which Defendants played an instrumental role.

### THE COURT IN THE ENGLISH PROCEEDINGS LIKELY WILL ACCEPT EVIDENCE OBTAINED PURSUANT TO THIS APPLICATION

16. The procedure for the provision of discovery and evidence in the English Proceedings is governed by the English Civil Procedure Rules. Part 31 relates to "Disclosure and Inspection of Documents," a true and correct copy of which is exhibited to this Declaration as Exhibit A. Part 32 relates to "Evidence," a true and correct copy of which is exhibited to this Declaration as Exhibit B.

17. Defendant Lynch is a named party to the English Proceedings and has now been validly served in the case. However, the procedure in the courts of England and Wales may not result in Defendant Lynch providing witness testimony.

18. First, Defendant Lynch may choose to ignore the English Proceedings. For the moment he is not represented and has signaled an intention to contest jurisdiction, which allows him more time before a Defence is formally due. Should Defendant Lynch ultimately ignore the proceedings, he could face consequences including but not limited to a judgment in default. Those consequences notwithstanding, Defendant Lynch may still be able to avoid providing witness testimony or disclosure.

19. Second, Defendant Lynch has chosen to dispute the English Court's jurisdiction to hear the proceedings against him. Despite the dubious merits of Defendant Lynch's jurisdiction application, Defendant Lynch would likely avoid providing witness testimony or disclosure if he were to succeed in disputing the English Court's jurisdiction over him.

20. Finally, even if Defendant Lynch engages in the English Proceedings, he would not necessarily be required to provide witness testimony under English law. In English Commercial Court proceedings, parties are not required to submit a witness statement, and if they reside outside the jurisdiction—as does Defendant Lynch—they cannot be required to attend court in order to give evidence.

21. Should Defendant Lynch fail to give evidence, the English court may be invited to draw adverse inferences in relation to Defendant Lynch's case. However, the case against the other Defendants would have to proceed without the benefit of Mr. Lynch's testimony, which would be a detriment to Claimants in light of Defendant Lynch's role as a key participant in the alleged wrongdoing.

22. Unlike the norm in the United States, the English legal system does not include regular pre-trial depositions. Although the English system has a mechanism for cross examination prior to trial, this procedure is not wholly analogous to a deposition and is not available as of right. To obtain cross examination, the moving party must make an application to the court, which typically only grants the application for urgent concerns about narrow matters. Indeed, such applications are seldom made and infrequently granted. It is therefore highly unlikely that Claimants would be able cross examine Defendant Lynch in advance of trial of the English Proceedings.

23. In relation to the provision of documents by Defendant Lynch, should he engage in proceedings, the English Court may make an order requiring him to disclose relevant documents (akin to discovery). Disclosure is not an automatic part of the process in proceedings before the English Commercial Court, but in a case such as the English Proceedings, it can be expected that the Court would make such a disclosure order. I therefore expect that, should Defendant Lynch take part in the English Proceedings, the English Court may seek to compel his disclosure of relevant documents.

24. The English Court has discretion as to whether to exclude evidence that a party seeks to adduce. Therefore, the English Court has the power to order that deposition testimony and discovery given pursuant to the Section 1782 procedure may or may not be relied on in the English proceedings. However, where evidence is probative of the issues in English proceedings, the English Court is highly likely to find that it is admissible. In the case of *Nokia v Interdigital Technology Group* (2004), the Court confirmed, specifically in relation to evidence obtained through the Section 1782 procedure, that "the [UK] court is generally indifferent as to the source of admissible material," and "the [UK] court is not generally concerned as to how that evidence was obtained." *Id.* ¶¶ 23-24. Accordingly, the English Court likely would be receptive to material obtained through the U.S. Federal Court's assistance, and I therefore believe that any material received as a result of this Application will be admitted into evidence in the English Proceedings.

### MR. LYNCH'S ATTEMPTS TO EVADE SERVICE IN THE ENGLISH PROCEEDINGS

25. On January 1, 2017, Defendant Lynch was provided with the Amended Claim Form and Amended Particulars of Claim at Beirut Airport in Lebanon whilst checking-in to an Aeroflot flight to Moscow.

26. Defendant Lynch was witnessed examining the documents served upon him in sufficient detail to enable him to establish that they were Court documents relating to the English Proceedings. However, after initially accepting and reviewing the documents, Defendant Lynch chose to abandon them at the check-in counter of the Aeroflot flight and instructed the check-in person to call airport security. Defendant Lynch departed Lebanon without the documents.

27. Furthermore, attempts were made to provide Defendant Lynch in Moscow with notice of the application that the events of January 1, 2017 in Lebanon amounted to service. When approached on March 9, 2017, Defendant Lynch three times in short succession refused to accept documents. I have seen and reviewed video of the incident. The first time Defendant Lynch was approached in a restaurant in Moscow, he ran away so quickly that his chair suddenly fell to the ground as he moved off. A true and correct copy of the witness statement and exhibit (but without the video) dated March 20, 2017 of the process server for this incident, Pierre-Andre Staub, is exhibited to this Declaration as Exhibit C.

28. It also was confirmed, in statements made to the Amsterdam Court of Appeal by counsel to Promneftstroy in late-November 2016, in the context of related Dutch proceedings, that Defendant Lynch is aware of the English Proceedings and is taking active steps to avoid the risk of being served in the English Proceedings.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

This Declaration is executed on April 28, 2017, at London, the United Kingdom.

Bernard O'Sullivan