

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re Emergency *Ex Parte* Application of
DAVID A. GODFREY and YUKOS
FINANCE B.V. for an order to conduct
discovery for use in a foreign proceeding.

Case No. 17-mc-21631-MGC

**STEPHEN P. LYNCH'S RESPONSE TO DAVID A. GODFREY AND YUKOS FINANCE
B.V.'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS, OPPOSITION TO
STEPHEN P. LYNCH'S MOTION TO QUASH, AND INCORPORATED
MEMORANDUM OF LAW**

Stephen P. Lynch
Pro se
Ul. Letnikovskaya #2, Str 3,
P.O. Box #9, Moscow, 115114, Russia

# TABLE OF CONTENTS

Proper CHALLENGE to ex parte §1782 discovery application is a motion to quash ........... 1

Res Judicata and collateral estoppel ....................................................................... 2

Intel discretionary factors do not weigh in favor of compelling Respondent's compliance with the subpoenas ................................................................................................. 6

    Respondent is a party to the English Claim .......................................................... 6

    Receptivity is assessed on a case-by-case basis. English courts are not receptive of unconscionable discovery ................................................................................... 9

    Subpoenas attempt to circumvent English Law and a prior U.S. judgment ...................... 10

    Undue burden in complying with the Subpoenas .............................................. 12

Compelling Respondent to provide discovery would not be proper under Rule 45 ............. 13

    Contrary to Petitioners' assertions Respondent does not reside in the District ............... 13

    The Subpoenas should be quashed for a variety of reasons under FRCP 45(d) ............... 14

        Subpoenas require Respondent to comply beyond the geographical limits of Rule 45(c) ... 14

        Subpoenas do not provide for a reasonable time to comply (FRCP 45(d)(3)(A)(i)) ............ 15

        Subpoenas subject Respondent to undue burden (FRCP 45(d)(3)(A)(iv)) ........................... 16

Objection to the place of discovery .......................................................................... 19

Conclusion ........................................................................................................ 20

## TABLE OF AUTHORITIES

**Cases**

*American Federation of Musicians of the United States and Canada v. Skodam Films, LLC*, 313 F.R.D. 39 (N.D.T. 2015) ................................................................................ 17, 18

*Beepot v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, 57 F.Supp.3d 1358 (M.D. Fla 2014) ................................................................................................................ 3

*Bouldin v. Mortgage Electronic Registration Sys., Inc.*, 2015 WL 11517084 (N.D.G. 2015) ....... 3

*Brown v. JP Morgan Chase Bank, N.A.*, 2014 WL 12478008, (N.D.G. 2014) ............................ 3

*Chevron Corporation v. Pichincha*, 2013 WL 12061837 (S.D.Fla 2013) .................................. 5

*Commissioner of IRS v. Estate of Sanders* 834 F.3d 1269 (11th Cir. 2016) ............................. 13

*Cryolife, Inc. v. Tenaxis Medical, Inc.*, 2009 WL 88348 (N.D.C. 2009) .................................. 7

*CSX Transportation, Inc. v. General Mills, Inc.*, 846 F.3d 1333 (11th Cir. 2017) ...................... 2

*Curran v. Curran*, 362 So.2d 1042 (Fla. 4th DCA 1978) .................................................... 14

*Dell Inc. v. DeCosta*, – F.Supp.3d –, 2017 WL 177618 (D.C. 2017) ............................. 16, 17, 18

*Fields v. Fields*, 782 So.2d 530 (1st DCA 2001) ............................................................. 14

*Fuhr v. Credit Suisse AG*, 2017 WL 1628904 (11th Cir. 2017) ............................................. 5

*Gorsoan Limited v. Bullock*, 652 Fed.Appx. 7 (2nd Cir. 2016) ............................................. 7

*Gourdine v. Karl Storz Endoscopy-America, Inc.*, – F.Supp.3d –, 2016 WL 8116664 (D.S.C 2016) .............................................................................................................. 16

*Green v. Cosby*, 2016 WL 64211 (D. Mass. 2016) ........................................................... 1

*Grey v. Continental Marketing Associates, Inc.*, 315 F.Supp. 826 (N.D.G. 1970) ..................... 19

*Hart v. Yamaha–Parts Distributors, Inc.*, 787 F.2d 1468 (11th Cir.1986) ................................ 3

*Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir.1986) .......................................... 3

*In re Application of Godfrey*, No. 15-mc-325 (LAK) (S.D.N.Y. Oct. 14, 2016) ........................ 4

*In re Chevron Corp.*, 2010 WL 8767265 (N.D.G. 2010) ................................................... 1

*In re Clerici*, 481 F.3d 1324 (11th Cir. 2007)................................................................ 6, 7

*In re Edelman*, 295 F.3d 171 (2nd Cir. 2002)................................................................. 12

*In re Ex Parte Application of Global Energy Horizons Corporation*, 2015 WL 1325758 (N.D.Cal. 2015)................................................................................................... 10

*In re Ex Parte Application of Qualcomm Incorporated*, 162 F.Supp.3d 1029 (N.D.Cal. 2016).... 7

*In re Friedman's, Inc.*, 2006 WL 6902025 (S.D.G. 2006)................................................... 1

*In re Godfrey*, 2009 WL 10670524 (N.D.Tex. 2009).................................................... 3, 5

*In re Godfrey*, 526 F. Supp. 2d 417 (S.D.N.Y. 2007).................................................. 2, 5

*In re IKB Deutsche Industriebank AG*, 2010 WL 1526070 (N.D.Ill. 2010)....................... 10

*In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103 (D.Nev. 2015) ................................................................................... 7, 8

*In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216 (9th Cir. 1976) .............. 1

*In re Neves* 2011 WL 3502770 (Bankr. S.D. Fla. Aug. 8, 2011)...................................... 13

*In re Servicio Pan Americano de Proteccion*, 354 F.Supp.2d 269 (S.D.N.Y. 2004) .................... 7

*In re Sociedad Militar Seguro de Vida*, 985 F.Supp.2d 1375 (N.D.G. 2013) ............................ 1

*NAACP v. Hunt*, 891 F.2d 1555 (11th Cir.1990)........................................................... 3

*Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194 (11th Cir. 2016) ....................................... 5

*Siemens AG v. Western Digital Corp.*, 2013 WL 5947973 (C.D.Cal. 2013)............................ 7

*Snyder v. McLeod*, 971 So.2d 166 (Fla. 5th DCA 2007)............................................... 13

*State Farm Mut. Auto. Ins. Co. v. Colon*, 880 So.2d 782 (Fla 2nd DCA 2004) ......................... 14

**Statutes**

28 U.S.C. §1782............................................................................................ 1

**Rules**

FRCP 45.................................................................................................... 1

FRCP 45(c)(1)(A) ....................................................................................... 14

FRCP 45(c)(1)(B)(i)..................................................................................... 14

Case 1:17-cv-21631-MGC   Document 25   Entered on FLSD Docket 07/07/2017   Page 5 of 25

FRCP 45(c)(2)(A) ........................................................................................................... 15

FRCP 45(d)(3)(A)(i) ...................................................................................................... 16

FRCP 45(d)(3)(A)(ii) ......................................................................................... 12, 14, 15

FRCP 45(d)(3)(A)(iv) ............................................................................................ 12, 16

iii

Stephen P. Lynch[1] ("Respondent" or "Lynch") respectfully submits his response to David A. Godfrey ("Godfrey") and Yukos Finance B.V.'s ("Yukos Finance") (together "Petitioners") Motion to compel compliance with subpoenas, opposition to Respondent's Motion to Quash, and Incorporated Memorandum of Law (ECF #18) ("Motion to Compel") pursuant to Magistrate Judge Jonathan Goodman's order (ECF #21), along with Supplemental Declaration of Respondent and all exhibits affixed thereto.

## PROPER CHALLENGE TO EX PARTE §1782 DISCOVERY APPLICATION IS A MOTION TO QUASH

Courts regularly hold that § 1782 a respondent to a subpoena obtained ex parte will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it. *In re Chevron Corp.*, 2010 WL 8767265 (N.D.G. 2010) at *5; *In re Sociedad Militar Seguro de Vida*, 985 F.Supp.2d 1375, 1380-81 (N.D.G. 2013). A respondent to a subpoena can raise objections and exercise his due process rights by a motion to quash the subpoena. *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Accordingly, a timely filed Motion to quash is an appropriate response to an ex parte §1782 discovery petition if the respondent objects to discovery.

Neither 28 U.S.C. §1782, nor FRCP 45 require a motion for a stay. A motion for a stay is required if a motion to quash is denied and the movant wishes to either appeal the decision or move for its reconsideration. See *Green v. Cosby*, 2016 WL 64211 (D. Mass. 2016) at *1, *In re Friedman's, Inc.*, 2006 WL 6902025 (S.D.G. 2006) at *1. *City of Jacksonville v. Shoppes of*

---

[1] The Motion to Quash and this Response were drafted by the Respondent. He was assisted in legal research and analysis by his personal Russian lawyer. No U.S. lawyer has in any way assisted with the preparation of either document.

*Lakeside*, 2016 WL 7227566 (M.D. Fla 2016) dealt with case management discovery and is distinguishable on that basis from the present case.

Respondent also timely filed the Motion to Quash, because he filed it both within 14 days of being given the Subpoenas and before ordered compliance therewith.

FRCP 45 does not require pre-filing conference and does not allow a court to order otherwise. In any event, after being given the Subpoenas and before filing the Motion to Quash, Respondent had communicated with Godfrey and as requested by Godfrey with his English counsel in an attempt to resolve the matter amicably. In doing so Respondent complied with Local Rule 7.1(a)(3).

## RES JUDICATA AND COLLATERAL ESTOPPEL

Respondent stands by his arguments that Petitioners are precluded by the decision in *In re Godfrey*, 526 F. Supp. 2d 417 (S.D.N.Y. 2007) *("Godfrey I")* from obtaining discovery of documents from Respondent that are located in Russia whether through res judicata or collateral estoppel and that because federal common law borrows state rule of res judicata and/or collateral estoppel to determine preclusive effect of federal judgment where court exercised diversity jurisdiction the law of the State of New York should apply. *CSX Transportation, Inc. v. General Mills, Inc.*, 846 F.3d 1333, 1338, 1340 (11th Cir. 2017). In *Godfrey I* the District Court of the S.D.N.Y. exercised diversity jurisdiction because, inter alia, Godfrey resided in California and Misamore – in Texas.

The res judicata prerequisites that apply in 11th Circuit are not substantially different from those that apply in the 2nd Circuit. In fact the three prerequisites in dispute are nearly identical: (1) similarity of parties or their privies (2) finality of the judgment and (3) similarity of causes of action that were asserted or could have been asserted.

There is no dispute that Godfrey and Lynch were parties to §1782 petition in *Godfrey I*. It is submitted that Yukos Finance was in privity with Godfrey at the time. Parties are "identical" for the purposes of res judicata when they are the same or in privity with one another. *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir.1990). For purposes of res judicata under Florida law,[2] a "privy" is one who is identified with the litigant in interest. *Beepot v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, 57 F.Supp.3d 1358, 1371 (M.D. Fla 2014). Privity is defined as "a relationship between one who is a party of record and a non-party that is sufficiently close so a judgment for or against the party should bind or protect the non-party." *Hart v. Yamaha–Parts Distributors, Inc.*, 787 F.2d 1468, 1472 (11th Cir.1986).

Courts in the 11th Circuit refer to *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n. 6 (7th Cir.1986) for the proposition that directors and officers of a corporation are privies of the corporation for the purpose of res judicata. *Brown v. JP Morgan Chase Bank, N.A.*, 2014 WL 12478008, (N.D.G. 2014) at *5 n. 12; *Bouldin v. Mortgage Electronic Registration Sys., Inc.*, 2015 WL 11517084 (N.D.G. 2015) at *7.

Petitioners in *Godfrey I* were Godfrey and Misamore – the only two directors of Yukos Finance B.V. While they sought discovery in connection with the matter of *Yugaskneftegaz v. Godfrey, Misamore et al*, their memorandum of law clearly states that Godfrey and Misamore were in privity with Yukos Finance as its "rightful directors" (ECF #13 Exhibit 10). Petitioners in this case are the same Godfrey, now the sole director of Yukos Finance, and his privy Yukos Finance. This case therefore involves parties "identical" to the judgment in *Godfrey I*: Lynch, Godfrey and Yukos Finance.

---

[2] Motion to Quash cites 2nd Circuit authorities on this issue.

The second issue is the finality of the judgment in *Godfrey I. Godfrey I* was not a discovery order per se, but a decision on the motion to quash the discovery order. Such decision was found to be a final court order. *In re Godfrey*, 2009 WL 10670524 (N.D.Tex. 2009) ("*Godfrey II*"): Judge Rakoff's decision in the 2007 Proceeding constituted a judgment on the merits because the order denying discovery was final.

The fact that the discovery in *Godfrey I* was sought in relation to a different case has little relevance because: (1) the underlying facts of the two discoveries are the same and (2) the fact that discoveries in 2007 and in 2015 were in relation to different foreign proceedings did not prevent Judge Kaplan holding in *In re Application of Godfrey*, No. 15-mc-325 (LAK) (S.D.N.Y. Oct. 14, 2016) ("*Godfrey III*"), contrary to Petitioners assertions, that *Godfrey I* precluded petitioners from re-litigating the question of the territorial reach of Section 1782(a) (ECF #13 Exhibit 9).

As evidenced by ECF #13 Exhibit 12, the scope of discovery sought is nearly identical and as the petitioners explained to the District Court in S.D.N.Y. in 2007 that discovery was sought in connection with the respondents' participation in Rosneft's alleged unlawful scheme to expropriate Yukos Oil's assets by cooperating in a rigged auction of Yukos Finance (ECF #13 Exhibit 10). The English Claim is based entirely on the same allegations.

Judge Kaplan did not have a problem finding in *Godfrey III* (ECF #13 Exhibit 9) that res judicata precluded exterritorial discovery of documents from Deitz in 2016, even though the 2015 discovery against Deitz, a co-defender of Respondent to the English Claim, was in connection with a different foreign proceeding than the 2007 discovery. Nothing in what Petitioners state in their Motion to Compel should preclude this Court from making the same

decision in relation to res judicata and exterritorial discovery of documents as that made by Judge Kaplan in 2016.

The principle that collateral estoppel is inapplicable when there has been a subsequent modification of the significant facts or a change or development in the controlling legal principles, statute or case law, which may have the effect of making the first determination obsolete or erroneous, at least for future purposes does not apply to res judicata.

Besides, there has been no modification of the significant facts – Petitioners allegations about the auction sale of Yukos Finance and Respondent's involvement therein are absolutely the same as they were in 2007. Petitioners do not state a single significant fact that has been modified since the Judge Rakoff's decision in 2007.

In *Godfrey II* (at *6) the court refused to apply collateral estoppel of *Godfrey I* because in *Godfrey II* petitioners sought different documents (located within the United States) from different respondents (also located within the United States) than in *Godfrey I*. Here, however, the same Petitioners seek the same documents from the same Respondent as in *Godfrey I*.

In *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1200 (11th Cir. 2016), *Fuhr v. Credit Suisse AG*, 2017 WL 1628904 (11th Cir. 2017) and *Chevron Corporation v. Pichincha*, 2013 WL 12061837 (S.D.Fla 2013) petitioners sought documents located abroad from US based respondents. In this case the Court ordered production of documents located in Russia by the Russian based Respondent in connection with the English Claim. *Sergeeva, Fuhr* and *Chevron* cases should be distinguished from this case (where the only connection to the US is the mere delivery of the Subpoenas in the security zone of the Miami International Airport ("MIA")) and should not apply.

Accordingly, there is no change or development in either significant facts or the controlling legal principles or case law, which would prevent application of the collateral estoppel defence to this case. In any event Petitioners are bound by res judicata effect of *Godfrey I.*

## INTEL DISCRETIONARY FACTORS DO NOT WEIGH IN FAVOR OF COMPELLING RESPONDENT'S COMPLIANCE WITH THE SUBPOENAS

### RESPONDENT IS A PARTY TO THE ENGLISH CLAIM

The English court order of March 23, 2017 granting, inter alia, Petitioners' application for retrospective approval of alternative service of the English Claim on Respondent in Lebanon makes Respondent a party to the English Claim unless this order is set aside. As at the time of the signing of this reply the English Court has not handed down its decision on Respondent's application contesting its jurisdiction.

Because respondent to a §1782 subpoena is a party in the foreign proceeding, the first *Intel* factor normally would favour the respondent and suggests that § 1782 assistance is not necessary. *In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007). This legal proposition stands in the way of the Petitioners' discovery. For this reason they seek to characterize Respondent, who is the first defendant to the English Claim, as a non-participant in the English Claim. But there is not a single act on the part of Respondent that Petitioners can properly point to as amounting to an active avoidance of the English Claim.

Since the filing of his Motion to Quash the Subpoenas (ECF #11) ("Motion to Quash") Respondent timely filed and served his application to contest the jurisdiction of the English court on the basis of a defective service attempted upon him in Lebanon and prepared for and represented himself at a three-hour hearing of the application before the English court on June 30, 2017. The English court reserved its judgment due to complexity of the issue.

Application to challenge the English court's jurisdiction on the basis of a defective service is an exercise of a right that the English rules of civil procedure give a defendant to an action and not an act of avoidance of the court's jurisdiction. One cannot avoid jurisdiction that does not exist if service was improper.

The facts of this case are distinguishable from *In re Clerici*, 481 F.3d at 1334-5, as no disclosure order has been made by the English court and will not be made until at least October of this year.[3] Other cases which Petitioners cite, viz.: *In re Servicio Pan Americano de Proteccion*, 354 F.Supp.2d 269, 274 (S.D.N.Y. 2004), *Cryolife, Inc. v. Tenaxis Medical, Inc.*, 2009 WL 88348 (N.D.C. 2009), *Siemens AG v. Western Digital Corp.*, 2013 WL 5947973 (C.D.Cal. 2013) and *In re Ex Parte Application of Qualcomm Incorporated*, 162 F.Supp.3d 1029 (N.D.Cal. 2016) deal with situations where the foreign tribunal was unable to compel a party to a proceeding before it to produce evidence sought by another party due to limitations in the laws of the country where the foreign tribunal was situated. These authorities are of no relevance to this matter. Unless the March 23, 2017 order is set aside Respondent is a party to the English Claim and Petitioners do not suggest anywhere in their pleadings that English disclosure rules are too limited to provide them adequate disclosure (ECF #4, Exhibit A CPR r. 31.5, 31.6, 3.12).

*Intel*'s first discretionary factor looks to whether the "person from whom discovery is sought is a participant in the foreign proceeding." *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103 (D.Nev. 2015) at *6 (citation omitted). The key issue here is whether the material is obtainable through the foreign proceeding. *Id* citing *In re Application of OOO Promnefstroy*, 2009 WL 3335608, (S.D.N.Y. Oct.15, 2009) ("it is the

---

[3] See Exhibit 1 to the Supplemental Declaration of Respondent: Petitioners propose to hold the first case management conference ordering disclosure in the English Claim in October 2017.

foreign tribunal's ability to control the evidence and other production, not the nominal target of the §1782 application, on which the district court should focus"). See also *Gorsoan Limited v. Bullock*, 652 Fed.Appx. 7, 9 (2nd Cir. 2016) ("The first Intel factor instructs district courts to consider whether the requested discovery is within the foreign tribunal's jurisdictional reach and thus accessible without §1782 aid.")

As in *Macquarie Bank* Petitioners worry that Respondent may not comply with its discovery obligations in the English Claim, but they have failed to support that concern with concrete evidence. In fact the evidence they rely upon is speculative and out of date. Equally important (as in *Macquarie Bank*), Petitioners failed to explain why that concern is properly addressed to the US court rather than to the English court. One of the primary objections of § 1782 is "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103 (D.Nev. 2015) at *7. Petitioners fail to explain why assistance of a US court is necessary in the above circumstances.

In addition to the above, all documents that Petitioners seek are in possession of other defendants to the English Claim – nearly every request mentions communications by, to, or among Respondent, and Renaissance Capital (i.e. second and third defendants), Deitz and Foresman (i.e. fourth and fifth defendants to the English claim). Petitioners expect to obtain these documents from the second to fifth defendants in the due course of disclosure in the English Claim after October 2017, but they seek these documents "now" from Respondent for no legitimate reason. Accordingly, the first *Intel* factor clearly favours Respondent.

**RECEPTIVITY IS ASSESSED ON A CASE-BY-CASE BASIS. ENGLISH COURTS ARE NOT RECEPTIVE OF UNCONSCIONABLE DISCOVERY**

The second discretionary factor requires district courts to inquire into the nature of foreign proceedings and the "receptiveness" of the foreign tribunal to US court assistance by looking for "authoritative proof" in the form of letters from the foreign tribunal or government that the foreign jurisdiction would reject the §1782 assistance. *In re Application of OOO Promnefstroy*, 2009 WL 3335608 (S.D.N.Y. 2009) at *7 (internal citation omitted).

The issue, therefore, is not the general receptiveness of the foreign tribunal, but its case specific receptiveness.

In fact *South Carolina Ins. Co. v. Assurantie Maatschappij "De Zeven Provincien" N.V.*, [1987] 1 App. Cas. 24, referred to in *Intel* and by Petitioners, dealt with a particular pre-trial document discovery application, deposition request having been withdrawn. English case law shows that English courts consider whether §1782 discovery is unconscionable, in the sense that it would be oppressive, vexatious and constitute interference with the due process of the English court, on a case-by-case basis.

Oppression, judged by English standards, was found in potential subjection of witnesses to double cross-examination that could result in their reluctance to attend trial before the English court after their §1782 deposition in *Omega Group Holdings Ltd & Ors v Kozeny & Ors* [2002] C.L.C. 132, 133 and in *Benfield Holdings Limited, Benfiled Group Limited, Benfield Limited v Elliot Richardson, Aon Limited, Aon Corporation* [2007] EWHC 171 (QB) ¶¶23-24.[4]

In *Bankers Trust International plc v PT Dharmala Sakti Sejahtera* [1996] C.L.C. 252, 253[5] the Commercial Court distinguishing *South Carolina* held that §1782 US proceedings were

---

[4] See Exhibits 2 and 3 to the Supplemental Declaration of Respondent.
[5] See Exhibit 4 to the Supplemental Declaration of Respondent.

both abusive and oppressive and ought to be restrained taking into consideration all the circumstances, including the fact that costs could not be recovered in the New York court, and the speculative nature of the proposed large-scale investigation into the plaintiffs' business which, if it produced material to support the fraud allegations, would require the reopening of the English trial. The English court confirmed that oppressiveness had to be considered in the context of the English proceedings.

While according to *In re OOO Promnefstroy* the US courts require a letter from the foreign tribunal expressly stating that it does not want the American court's help, there is no practical way to obtain such a letter from the English court. In the circumstances, the only way to have the English court "express its opinion" on the issue of receptiveness of the US sourced evidence is through an anti-suit injunction. Obtaining one will result in additional time and cost for Respondent. In circumstance where obtaining a letter from the foreign court is not practically possible and the only way to ascertain receptiveness of the foreign court is through the mechanism of an anti-suit injunction the US court should find an alternative way to assess *Intel*'s second discretionary factor other than through "authoritative proof". As otherwise this will turn into a battle of foreign court orders, which will almost certainly stay in the way of judicial comity – not the effect §1782 seeks to achieve.

If the second Intel factor does not favor Respondent, it is neutral at most.

### SUBPOENAS ATTEMPT TO CIRCUMVENT ENGLISH LAW AND A PRIOR U.S. JUDGMENT

Petitioners argue that procedural differences between discovery in the US and disclosure in England are insufficient for the circumvention argument to succeed citing *In re IKB Deutsche Industriebank AG*, 2010 WL 1526070 (N.D.Ill. 2010) and *In re Ex Parte Application of Global*

*Energy Horizons Corporation*, 2015 WL 1325758 (N.D.Cal. 2015). But these cases relate to discovery requests against non-parties to English proceedings.

The issue here is that the scope of discovery sought, the timeframe within which it is sought are both contrary to English rules of civil procedure and the English court practice.

The Admiralty and Commercial Court Guide[6] (an equivalent of local rules) provides that all proceedings in the Commercial List will be subject to management by the court (D1.1) and that the case management will, inter alia, include discussion by the court with the advocates for the parties the strategy for disclosure in order to insure proportionality of disclosure and searches for documents to the importance of the issues in the case, which the court settles with parties' assistance (D2.1). The court will seek to ensure that disclosure is no wider than appropriate. Anything wider than standard disclosure will need to be justified (E1.1). Among other things the court will normally wish to consider, by reference to the list of issues, the scope of disclosure and whether standard disclosure or some other form of disclosure as outlined in CPR 31.5(4) is appropriate in the case (E2.2). The guide further provides (E.2.3) that Parties are expected to attempt to agree the ambit of disclosure in advance of the case management conference (CPR 31.5(3)). In terms of timing the Guide provides that the first disclosure order will be made at the first case management conference (E2.1).

Petitioners seek to circumvent the policy of English law that requires parties agreeing with each other on the scope of disclosure on the basis of the case issues settled by the court and management of disclosure by the English court and impose upon Respondent broad and rushed disclosure outside of control of the English court in breach of the relevant CPR rules and the court practice. With their Subpoenas Petitioners are simply trying to circumvent the scope and

---

[6] See Exhibit 5 to the Supplemental Declaration of Respondent.

timing of disclosure and the restrictions that the English court might otherwise place on it. Through inappropriate use of §1782 Petitioners effectively ask the US court to manage Respondent's disclosure in the English Claim instead of the English court, thus interfering with the due process of the English court.

CPR does not provide for cross-examination of parties (only of witnesses). The proper approach is via requests for further information ("RFI") governed by CPR Part 18 and Practice Direction 18. In particular, PD 18 §1.2 states that a Request should be concise and strictly confined to matters which are reasonably necessary and proportionate to enable the first party to prepare his own case or to understand the case he has to meet. RFI allows the addressee to consider its reply, confer with its counsel, without sustaining the pressure of cross-examination and without having its answers subjected to doubt. US deposition circumvents that protection that English law affords to parties.

Accordingly, the third *Intel* factor favors Respondent.

**UNDUE BURDEN IN COMPLYING WITH THE SUBPOENAS**

In addition to being the fourth *Intel* discretionary factor, it is also a standalone ground for quashing the Subpoenas under FRCP 45(d)(3)(A)(iv) and is addressed under the heading "*Subpoenas subject Respondent to undue burden (FRCP 45(d)(3)(A)(iv))*" below.

Parity between parties is also a relevant consideration when deciding to quash §1782 subpoenas under FRCP 45(d)(3)(A)(ii). Respondent may only seek discovery from Petitioners, but not the remaining 5 claimants in the English Claim. This was done on purpose to limit Respondent's request for reciprocal discovery to Petitioners, in fact to Godfrey only, as no one else represents Yukos Finance. The effect of the US courts decision on procedural parity between the parties to a foreign litigation is a relevant consideration for the US court when

exercising its discretion in relation to §1782 discovery. *In re Edelman*, 295 F.3d 171, 181 (2nd Cir. 2002).

The fourth Intel factor also favors Respondent.

## COMPELLING RESPONDENT TO PROVIDE DISCOVERY WOULD NOT BE PROPER UNDER RULE 45

### CONTRARY TO PETITIONERS' ASSERTIONS RESPONDENT DOES NOT RESIDE IN THE DISTRICT

In their submissions Petitioners expend a lot of effort discussing Respondent's purported relationship to a property at 2901 Collins Avenue, Miami Beach, Florida 33149 ("Miami Apartment"). Respondent maintains that he is neither legal nor equitable owner of the Miami Apartment, RE SB Capital Ltd. or e+ Capital Ltd. Petitioners show no evidence of Respondent's legal or equitable ownership of either Miami Apartment, RE SB Capital Ltd. or e+ Capital Ltd. Petitioners' conclusions of Respondent's connection to the Miami Apartment are based entirely on circumstantial evidence.

Petitioners reliance on *In re Neves* 2011 WL 3502770 (Bankr. S.D. Fla. Aug. 8, 2011) is misplaced. *In re Neves* 2011 WL 3502770 was concerned with discovery from the debtor's wife in bankruptcy proceedings and the facts of that case are materially different from this case.

Relevant considerations for the purpose of the place of compliance with a discovery subpoena under FRCP 45 are residence, employment or regular transaction of business. FRCP 45(c)(3). Petitioners do not assert that Respondent is employed or regularly transacts business in the District. They assert that he resides there.

Residence generally requires both physical presence and an intention to remain. *Commissioner of IRS v. Estate of Sanders* 834 F.3d 1269, 1279 (11th Cir. 2016) (citation omitted). Although residency is distinguished from domicile which requires an intent to make a fixed and permanent home, residency nonetheless requires that one be more than a transient or a

13

sojourner. *Id* (citation omitted). Florida residency is "an actual presence in Florida coupled with an intention at that time to make Florida the residence." *Snyder v. McLeod*, 971 So.2d 166, 169 (Fla. 5th DCA 2007) (citation omitted). It is not sufficient to stay in Florida for a short period of time – there must be an actual presence in Florida coupled with an intention at that time to make Florida one's residence. *Curran v. Curran*, 362 So.2d 1042 (Fla. 4th DCA 1978). "A resident is one who lives at a place with no present intention of removing therefrom." *State Farm Mut. Auto. Ins. Co. v. Colon*, 880 So.2d 782 (Fla 2nd DCA 2004) (citation omitted). "A determination of residency involves consideration of both fact and intention." *Id*. "Generally, "[t]he test of residency is physical presence in Florida and the concurrent intent to be a permanent resident." *Fields v. Fields*, 782 So.2d 530, 534 (1st DCA 2001) (citation omitted).

While Respondent was present in Florida when the Subpoenas were given to him, he had no intention to remain in Florida. In fact, the Subpoenas were given to him while he was boarding a plane to return to his residence in Moscow, Russia, after a 6-day vacation in Florida, the first time in Florida in over eighteen months.[7] Those facts show that Respondent was no more than a sojourner in Florida at the time of delivery of the Subpoenas and there is no evidence of his intention to remain in the Miami Apartment or to make Florida his residence.

### THE SUBPOENAS SHOULD BE QUASHED FOR A VARIETY OF REASONS UNDER FRCP 45(D)

### *Subpoenas require Respondent to comply beyond the geographical limits of Rule 45(c)*

Respondent neither resides, nor is employed, nor regularly transacts business in Florida. Accordingly, the subpoenas must be quashed pursuant to FRCP 45(d)(3)(A)(ii) as they fail to comply with FRCP 45(c). A non-party witness may be commanded to attend a deposition only

---

[7] See Respondent's Declaration ¶22 (ECF#13).

within 100 miles of where he resides, is employed, or regularly transacts business in person. FRCP 45(c)(1)(A). A party witness may be commanded to attend deposition only within the state where he resides, is employed, or regularly transacts business in person. FRCP 45(c)(1)(B)(i). Production of documents may be commanded at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. FRCP 45(c)(2)(A). Non-compliance with these requirements is a sufficient ground on its own for the Court to quash the subpoenas. FRCP 45(d)(3)(A)(ii). According to the Committee Notes on 2013 amendment to FRCP 45, Rule 45(d)(3)(A)(ii) <u>directs the court to quash</u> any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c).

### *Subpoenas do not provide for a reasonable time to comply (FRCP 45(d)(3)(A)(i))*

Initially, the Subpoenas sought production of ten years' worth of <u>all</u> documents relating to communications among at least eight individuals and entities relating to more than ten topics within two weeks of being issued and served and sitting for a deposition pertaining to matters ten years old. Petitioners now seek production of these documents within 30 days. This is far shorter time then they estimate themselves it would take, even with the financial and labor resources they enjoy compared to the Respondents extremely limited resources.  Their English counsel's letter to defendants in the English Claim of May 17, 2017[8] states the following in relation to the Disclosure, which the English court will order sometime in October – November: "*It is inevitable that in a full trial that due to the number of points in issue <u>all parties</u> would be required to conduct a <u>large and onerous disclosure exercise</u>. This will involve, potentially, searching for and reviewing documents relevant to a <u>wide time period</u> and in several jurisdictions.*"

---

[8] See Exhibit 1 to the Supplemental Declaration of Respondent.

Given these facts, Petitioners offer no reasonable explanation as to why they seek disclosure from Respondent within 30 days of this Court's order.

If the English court does not grant the Respondent's jurisdiction application, Respondent will need to prepare and serve his defence within 42 days of the English court's decision on the Respondent's application. Accordingly the time period to comply with the Subpoenas will overlap with the preparation of the Respondent's defence and will compromise its preparation.

With their discovery request Petitioners intentionally seek to distract Respondent's attention from his defence. Petitioners should not be allowed to do that and, accordingly, their Subpoenas should be quashed under FRCP 45(d)(3)(A)(i), because they fail to allow a reasonable time to comply. At best, the time to comply should not be any different than the time for disclosure in the English claim as ordered by the English court.

### Subpoenas subject Respondent to undue burden (FRCP 45(d)(3)(A)(iv))

The Subpoenas should also be quashed because they subject Respondent to undue burden.

"Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv) usually raises a question of the reasonableness of the subpoena, an analysis that requires weighing a subpoena's benefits and burdens and considering whether the information is necessary and whether it is available from any other source. This inquiry is highly case specific and involves an exercise of judicial discretion." *Gourdine v. Karl Storz Endoscopy-America, Inc.*, – F.Supp.3d –, 2016 WL 8116664 (D.S.C 2016) at *2 (internal quotation marks and citation omitted); See also *Dell Inc. v. DeCosta*, – F.Supp.3d –, 2017 WL 177618 (D.C. 2017) at *2 ("Whether a subpoena imposes an undue burden depends on the specific facts of the case and

courts must balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.") (internal quotation marks and citation omitted).

"In balancing the interests served by demanding compliance, courts should consider [(i)] relevance, [(ii)] the need of the party for the documents, [(iii)] the breadth of the document request, [(iv)] the time period covered by it, [(v)] the particularity with which the documents are described and [(vi)] the burden imposed." *Dell Inc. v. DeCosta*, – F.Supp.3d –, 2017 WL 177618 (D.C. 2017) at *2 (internal quotation marks and citation omitted). See also *American Federation of Musicians of the United States and Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 44 (N.D.T. 2015).

The claimants in the English case claim damages purportedly caused by, inter alia, Respondent's participation in the auction of Yukos Finance B.V., which the claimants allege was rigged. According to the claimants, the issue boils down to whether there was a real (not fake, as the claimants allege) second bidder in the auction and whether the defendants were aware that the only other participant in the auction was not a real participant (ECF #4 ¶4).

Requests extend beyond the acquisition of Yukos Finance B.V. by Promneftstroy at the auction of August 15, 2007 and seek information and documents in relation to other Yukos Assets acquired by Monte-Valle at previous auctions, which have nothing to do with the allegations asserted by the claimants in the English Claim. As such a great deal of documents requested from Respondent is irrelevant to the English Claim. Request also seeks documents created after the auction which have nothing to do with the claims asserted by the claimants in the English claim.

Petitioners do not explain why they need documents that are not related to the English claim. Moreover, Petitioners either already have documents, which they seek to obtain through

this discovery, or will obtain them through disclosure in the English claim, what makes their request under 28 U.S.C. §1782 completely unnecessary and unreasonable. Again they do not explain why they want Respondent to provide them documents, which they either already have or which they will obtain from other defendants to the English Claim.

"The Court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *American Federation of Musicians of the United States and Canada v. Skodam Films, LLC*, 313 F.R.D. 44. A subpoena for documents is facially overbroad where the subpoena's document requests seek all documents concerning the parties to the underlying action, regardless of whether those documents relate to that action and regardless of date, the requests are not particularized and the period covered by the requests is unlimited. *Id* at 45.

In this case the subpoena duces tecum contains 16 requests for all documents concerning parties to the English claim and pertaining to a variety of very broadly and at times confusingly described issues without any time limit. As such the request for documents is facially overbroad.

Production of documents pursuant to the request will be extremely burdensome and will turn into a "large and onerous disclosure exercise", as Petitioners admit themselves. Given the irrelevance of documents, lack of particularity in their description and lack of time limit it will be necessary for Respondent to spend significant amount of time to search for and review the documents he will be able to find in order to separate the requested privileged documents from non-privileged material. See *Dell Inc. v. DeCosta*, – F.Supp.3d –, 2017 WL 177618 (D.C. 2017) at *2 ("Such open document requests ... would impose an undue and disproportionate burden on Defendants to prepare a privilege log of the thousands of documents ... most of which would be protected by the attorney-client privilege or attorney work-product doctrine ...")).

There is no one who can do this, but Respondent himself and doing this will consume enormous amount of time that Respondent cannot devote to this exercise due to various business and family commitments that Respondent has indeed the limits of hours in the day. This work is likely to include several weeks if not months worth of work. Both in this case and in the English claim Respondent is appearing pro se and compliance with the Subpoenas will distract Respondent from defending himself against the English claim if the English court does not grant Respondent's jurisdiction application.

Petitioners, on the other hand, will not suffer if the Subpoenas are quashed. First, Petitioners were able to obtain discovery from Mr. Deitz and Mr. Foresman. Second, Petitioners and other claimants in the English Claim also say that evidence they obtained in 2014 allowed them to bring the English Claim. Therefore they have all evidence they need for the English claim. Third, Petitioners will be able to obtain further evidence through what they themselves characterise a large and onerous disclosure exercise in the English Claim. In these circumstances their 28 U.S.C §1782 broad discovery request is unreasonable and causes undue burden and duplication of effort for Respondent. On that basis alone the Subpoenas should be quashed.

**OBJECTION TO THE PLACE OF DISCOVERY**

Petitioners request deposition and document production at the Moscow office of Mr. O'Sullivan law firm, CMS. For the reasons set out at ¶6 of the Supplemental Declaration of Respondent, Respondent objects. Although the federal rules do not prevent plaintiff's designating any place he chooses for the taking of a defendant's deposition, the cases indicate that it is presumed that a defendant will be examined at his residence or at his place of business or employment; if another place is named and defendant files a timely objection the objection should be sustained absent some unusual circumstance to justify putting the defendant to such

inconvenience. *Grey v. Continental Marketing Associates, Inc.*, 315 F.Supp. 826, 832 (N.D.G. 1970).

**CONCLUSION**

Based on the foregoing and the accompanying papers, Respondent respectfully requests that this Court grant Respondent's Motion to Quash and deny Petitioners' Motion to Compel in its entirety.

If the Court holds a hearing on the Respondent's Motion to Quash and Petitioners' Motion to Compel, Respondent respectfully request that such hearing be either by telephone or that Respondent be allowed to participate in the hearing by telephone.

If the Court denies Respondent's Motion to Quash and grants Petitioners' Motion to Compel, Respondent respectfully request that the Court: (a) limit the scope of document discovery to standard basis discovery in accordance with CPR r. 31.6 and order discovery in accordance with the CPR and Admiralty and Commercial Court Guide; (b) order document discovery and deposition not earlier than the disclosure in the English Claim as ordered by the English court; (c) limit the time of deposition to two-three hours considering the pro se status of Respondent; and (d) order deposition and production of documents at a place in Moscow, Russia of Respondent's choosing.

Dated: July 5, 2017                                    Respectfully Submitted,


Stephen Lynch
Pro se

20